IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. COLEMAN,** | 1:08-CV-0838- WMW HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| vs. | |
| **DARNNELL ADAMS, WARDEN,** | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil rights

action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

In this case, Petitioner is not challenging his conviction, but rather is challenging the conditions of his confinement.  Specifically, Petitioner alleges that prison authorities have violated his Fourth and Eight Amendment rights by implementing policies which discriminate against mental ill inmates.   Accordingly, the proper vehicle for Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

Based on the above, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 14, 2008**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE